Mario Piitoni, J.
Motion by the defendants McG-lew and Toren to dismiss the complaint as to them for insufficiency.
The second cause of action is directed against the movants. In it they are charged with knowledge, prior to October 1, 1960, of an agreement between the plaintiff and the defendant Strauss wherein the plaintiff was induced in 1957 to (1) terminate his prior employment, (2) devote his time to the patent practice of defendant Strauss for three months, and (3) was promised that a partnership' agreement with Strauss of the latter’s lucrative practice would follow in which the profits were to be divided — one third to overhead, one third to plaintiff, and one third to Strauss. It is further alleged that the movants conspired with Strauss to deprive plaintiff of his interest in the practice and obtained a transfer of the practice to them.
This cause of action does not allege that the partnership agreement was actually entered into or that Strauss would have entered it were it not for the acts of the movants. (Vendall, Inc. v. Statler Mfg. Corp., 5 A D 2d 882; Williams & Co. v. Collins Tuttle & Co., 6 A D 2d 302.) It does not allege facts to show that the agreement with Strauss could not be terminated at will by Strauss. If the agreement with Strauss was terminable at will, an action against the movants will not lie, absent facts to show either (1) that movants “ intended solely to injure the plaintiff without any expectation of social or economic advantage ” (p. 500), or (2) that they used “ unlawful or improper means to *618 bring about the termination of [the] contract ” (p. 501) (Terry v. Dairymen’s League Co-op. Assn., 2 A D 2d 494).
Accordingly, the motion is granted with permission afforded the plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered herein.